1 | WILLIAM R. TAMAYO - #084965 (CA)
JONATHAN T. PECK - #12303 (VA)
2 | MARCIA L. MITCHELL - #18122 (WA)
ELIZABETH ESPARZA-CERVANTES # 205412 (CA)
3 | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
4 | 350 The Embarcadero, Suite 500
San Francisco, CA 94105
5 | Telephone No. (415) 625-5658
Fax No. (415) 356-5657
6 |

7 | Attorneys for Plaintiff

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL  DISTRICT OF CALIFORNIA

10 |

11 | EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                                )   CIVIL NO. 3:05-CV-00269 (transferred)
12 |                                        )
13 |               Plaintiff,               )   COMPLAINT
                                           )   Civil Rights
14 |          v.                            )     – Employment Discrimination
                                           )
15 |                                        )   **JURY TRIAL DEMAND**
   LUCENT TECHNOLOGIES,                     )
16 |                                        )
              Defendants.                   )
17 | _____  )

18 |

19 | <u>NATURE OF THE ACTION, JURISDICTION AND VENUE</u>

20 |         This is an action under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of

21 | 1964 and Title I of the Civil Rights Act of 1991 to restrain the unlawful payment of wages to

22 | employees of one sex at rates less than the rates paid to employees of the opposite sex, and to

23 | provide appropriate relief due to employees as a result of such unlawful practices.

24 |         1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337,

25 | 1343, and 1345.  This action is authorized and instituted pursuant to Sections 16(c) and 17 of the

26 | Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §216(c) and 217, to enforce

27 | the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C.

28 |

1

§206(d) and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1).  This Action is also authorized and instituted pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.     The employment practices alleged to be unlawful were and are now being committed in Torrance, CA which is within the jurisdiction of the United States District Court for the Central District of California.  The Commission alleges that Lucent Technologies pays various of its female employees pension and other benefits at rates less than those paid to certain of its male employees performing substantially equal work.  Plaintiff further alleges that defendant unlawfully failed and refused, for purposes of determining employee eligibility for various benefits, to credit the time of certain female employees disabled due to pregnancy on the same basis as employees disabled for other reasons.

PARTIES

4.     Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the Equal Pay Act and  Title VII and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §216(c) and 217, as amended by Section 1 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705, and by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3).

5.     At all relevant times, Defendant, Lucent Technologies (the "Employer")  has continuously been doing business in the State of California and the City of Torrance and has continuously had at least fifteen employees.

6.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b), (g), and (h).

7.     At all relevant times, Defendant Employer has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of

Section 3(d) of the FLSA, 29 U.S.C. §203(d).

8.     At all relevant times, Defendant Employer has continuously employed employees engaged in commere or in the production of good for commerce within the meaning of Sections 3(b)(i) and (j) of the FLSA, 29 U.S.C. § 203(b), (i) and (j) or has continuously been an enterprise engaged in the production of goods for commerce within the meaning of Sections 3(r) and (s) fo the FLSA, 29 U.S.C. §203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

<u>STATEMENT OF TITLE VII CLAIMS</u>

9.     More than thirty days prior to the institution of this lawsuit, Rani Mahajan filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

10.     Since at least February 1999, Defendant Employer has engaged in unlawful practices at its facilities throughout the United States in violation of section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a) .  These practices include, but are not limited to calculating pension, early-retirement and other benefits for certain female employees in a manner that recognizes a maximum of thirty (30) days of service credit for pre- and post- delivery leaves of absence taken by women disabled by pregnancy prior to April 29, 1979, while recognizing service credit for the entire leave of absence for those employees who took leave due to disabilities unrelated to pregnancy.

11.     The effect of the practice complained of above has been to deny Rani Mahajan and a class of Defendant Employer's female employees equal employment opportunities and otherwise to adversely affect their status as employees because of their sex.

12.     The unlawful employment practices complained of in paragraph 10 above were and are intentional.

13.     The unlawful employment practices complained of in paragraphs 10 above were and are done with malice and/or reckless disregard for the federally protected rights of Ms.

1    Mahajan and other similarly situated female employees of the defendant.

2                       STATEMENT OF EQUAL PAY ACT CLAIMS

3          14.    Since at least February1999, Defendant Employer has violated Sections 6(d)(1)

4    and 15(a)(2) of the FLSA, 29 U.S.C. §206(d)(1) and 215(a)(2) by paying pension, early

5    retirement and other benefits to its female employees, at its facilities throughout the United

6    States, at rates less than the rates paid to male employees in the same establishment for

7    substantially equal work on jobs the performance of which requires equal skill, effort and

8    responsibility and which are performed under similar working conditions.

9          15.    As a result of the acts complained of in paragraph 14 above, Defendant Employer

10   unlawfully has withheld and is continuing to withhold the payment of pension, early retirement

11   and other benefits due to Rani Mahajan and a class of similarly-situated female employees.

12         16.    The unlawful practices complained of in paragraph 14, above were and are

13   willful.

14                                  PRAYER FOR RELIEF

15         WHEREFORE, the Commission respectfully requests that this Court:

16         A.     Grant a permanent injunction enjoining Defendant Employer, its officers,

17   successors, assigns, and all persons in active concert or participation with it, from engaging in the

18   institution, maintenance and/or management of any pension, early retirement and other benefit

19   plan which discriminates on the basis of sex.

20         B.     Grant a permanent injunction enjoining the Defendant Employer, its officers,

21   successors, assigns and all persons in active concert or participation with it, from discriminating

22   within any of its establishments between employees on the basis of sex, by the institution,

23   maintenance and/or management of any pension, early retirement and other benefit plan paying

24   benefits to employees of one sex at rates less than the rates at which it pays benefits to employees

25   of the opposite sex for substantially equal work on jobs the performance of which requires equal

26   skill, effort, and responsibility and which are performed under similar working conditions.

27

28

COMPLAINT                              4
3:05-CV-00269 (transferred)

1

2

3

       C.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and  and present unlawful employment practices.

4

5

6

7

8

9

       D.      Order Defendant Employer to make whole Rani Mahajan and the class of other similarly situated women by providing appropriate back benefits with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, modifying any pension, early retirement or other benefit plan which discriminates on the basis of sex to eliminate all such discrimination.

10

11

12

13

       D.      Order Defendant Employers to make whole Ms. Mahajan and other similarly situated individuals by providing compensation for past and future non-pecuniary losses caused by the above unlawful conduct, including pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial.

14

15

16

       E.      Order Defendant Employer to pay Rani Mahajan and a class of similarly situated female employees punitive damages for its malicious and/or reckless conduct describe din paragraphs 10 and 14 above, in an amount to be determined at trial.

17

18

19

20

21

       F.      Grant a judgment requiring Defendant to pay appropriate back benefits in amounts to be determined at trial, an equal sum as liquidated damages, and/or prejudgment interest in lieu thereof to employees whose wages are being unlawfully withheld as a result of the acts complained of above, including, but not limited to, Rani Mahajan and a class of similarly - situated female employees.

22

23

24

25

       G.      Order Defendant Employer to make whole those employees whose wages are being unlawfully withheld as a result of the acts complained of above, by restraining the continued withholding of amounts owing as back benefits with prejudgment interest in amounts to be determined at trial.

26

27

28

       H.      Grant such further relief as the Court deems necessary and proper in the public

1 | interest.

2 |       I.      Award the Commission its costs in this action.

3 | JURY TRIAL DEMAND

4 |     The Commission requests a jury trial on all questions of fact raised by its complaint.

5 | **ERIC S. DREIBAND**
GENERAL COUNSEL

6 | **JAMES L. LEE**
DEPUTY GENERAL COUNSEL

7 | **GWENDOLYN YOUNG REAMS**
ASSOCIATE GENERAL COUNSEL

8 | EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

9 | 1801 L Street, N.W.
Washington, DC  20507

10 |

11 | **WILLIAM R. TAMAYO**
REGIONAL ATTORNEY

12 | **JONATHAN T. PECK**
SUPERVISORY TRIAL ATTORNEY

13 | **MARCIA L. MITCHELL**
SENIOR TRIAL ATTORNEY

14 | **ELIZABETH ESPARZA CERVANTES**
TRIAL ATTORNEY

15 |

16 | Dated: _____ BY: _____
ELIZABETH ESPARZA CERVANTES
Trial Attorney

17 |

18 | EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office

19 | 350 The Embarcadero, Suite 500
San Francisco, CA  94105

20 | Telephone: (415) 625-5658

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

COMPLAINT
3:05-CV-00269 (transferred)

6